UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------

SETH MITCHELL,

              Plaintiff,              16cv6588

           -against-              MEMORANDUM & ORDER

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

              Defendant.

------------------------------------------------

WILLIAM H. PAULEY III, District Judge:

        Plaintiff pro se Seth Mitchell seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental social security income. On November 7, 2016, this Court referred the matter to the assigned Magistrate Judge for a Report & Recommendation.[1] Prior to the referral, Mitchell moved for summary judgment. On March 20, 2017, the Commissioner cross-moved for judgment on the pleadings. On February 2, 2018, Magistrate Judge Pitman issued a Report & Recommendation (the "Report"), recommending that this Court deny Mitchell's motion and grant the Commissioner's cross-motion. Mitchell filed objections to the Report. This Court reviewed Mitchell's objections, concludes that they lack merit, and adopts Magistrate Judge Pitman's thorough and well-reasoned Report.

---

[1] This case was originally assigned to Magistrate Judge Kevin N. Fox but subsequently re-assigned to Magistrate Judge Katharine H. Parker before being re-assigned yet again to Magistrate Judge Henry B. Pitman.

DISCUSSION

I.  Legal Standards

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of a magistrate judge. 28 U.S.C. § 636(b)(1). This Court reviews de novo the portions of the Report to which objections are made and reviews the remainder for clear error on the face of the record. 28 U.S.C. § 636(b)(1); Mulosmanaj v. Colvin, 2016 WL 4775613, at *2 (S.D.N.Y. Sept. 14, 2016). In order to warrant de novo review, the objections "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." George v. Prof'l Disposables Int'l, Inc., 221 F. Supp. 3d 428, 433 (S.D.N.Y. 2016) (citation and quotation mark omitted). Objections that are conclusory or general are entitled to only clear error review. Pineda v. Masonry Const., Inc., 831 F. Supp. 2d 666, 671 (S.D.N.Y. 2011).

A Commissioner's determination regarding a claimant's disability may only be set aside "if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." Shaw v. Carter, 221 F.3d 126, 131 (2d Cir. 2000). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).

II.  Mitchell's Objections

Mitchell first contends that the Report incorrectly characterizes a finding by Dr. Goldman, a psychologist who rendered a consultative psychiatric evaluation, by stating that Dr. Goldman "ruled out a diagnosis of PTSD." (Report, ECF No. 67, at 19, 53.) On review of the psychiatric evaluation, this Court concludes that the relevant language in Dr. Goldman's report is ambiguous. (See SSA Administrative Record, ECF No. 20 ("Record"), at 323-26.) Specifically, after detailing Mitchell's symptoms of anxiety, Dr. Goldman stated "Rule out posttraumatic

stress disorder" in a section labeled as "DIAGNOSIS." (Record at 326.) Mitchell contends that because Dr. Goldman recommended "[p]sychiatric intervention," the only possible reading is that she meant to recommend a psychiatric intervention only to rule out PTSD. But it is equally reasonable that Dr. Goldman recommended psychiatric intervention to address Mitchell's anxiety-related issues in light of her evaluation of his prognosis as "[f]air given that he receive psychiatric intervention"—a prognosis that makes little sense if the psychiatric intervention were only for the purposes of ruling out PTSD. (Record at 326.) Given this ambiguity, this Court sees no error in Magistrate Judge Pitman's characterization and declines to modify or reject it.

Next, Mitchell argues that ALJ Thomas Grabeel violated the "treating physician rule" by assigning minimal weight to Dr. Goldman's opinion. Under the "treating physician rule," the ALJ must "give 'controlling weight' to a treating physician's opinion as to the nature and severity of a claimant's impairments, as long as it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record.'" Lebron v. Colvin, 2015 WL 1223868, at *10 (S.D.N.Y. Mar. 16, 2015) (citing 20 C.F.R. § 416.927(c)(2)). This objection is meritless, however, because Dr. Goldman was not a treating physician, but a consultative psychologist who conducted a one-time examination of Mitchell. See Rogers v. Astrue, 895 F. Supp. 2d 541, 550 (S.D.N.Y. 2012) (explaining that the "treating physician rule" should not be applied where the examiner was not the claimant's treating physician during the relevant time period).

Mitchell also objects to Magistrate Judge Pitman's statement and application of the legal standard for determining whether the claimant has a disability. Specifically, he contends that the "plausibility standard" applies—i.e., making the disability determination based on a court's "judicial experience and common sense." As an initial matter, this contention does

3

nothing more than reiterate the same argument he made to Magistrate Judge Pitman. (ECF No. 49, at 4.) See Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("It is improper for an objecting party to attempt to relitigate the entire content of the hearing before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge." (quotation marks omitted)). Moreover, the standard that Mitchell maintains should be applied has no applicability here. See Viti v. Guardian Life Ins. Co. of Am., 817 F. Supp. 2d 214, 223 (S.D.N.Y. 2011) (stating the standard on a Rule 12(b)(6) motion to dismiss). Both Magistrate Judge Pitman and ALJ Grabeel applied and analyzed the five-step analysis required by 20 C.F.R. § 416.920 to determine whether Mitchell was disabled.

Finally, Mitchell lodges various objections to ALJ Grabeel's failure to develop the administrative record, contending that the ALJ should have ordered additional consultative examinations to further develop symptoms identified in Dr. Goldman's report. But these objections that the ALJ failed to satisfy his affirmative obligation to develop the record simply rehash the same position taken before the Magistrate Judge, and accordingly, do not warrant de novo review. Vaccariello v. XM Satellite Radio, Inc., 295 F.R.D. 62, 67 (S.D.N.Y. 2013). This Court finds no clear error with Magistrate Judge Pitman's conclusion that the ALJ discharged his duty to develop the administrative record. (Report at 57-66.)

III. Additional Evidence

Separately, Mitchell appends two exhibits to his filed objections. The first is a reasonable accommodation inquiry submitted in connection with Mitchell's employment at Macy's, and the second is a federal complaint that Mitchell filed against Goldman Sachs that purports to fill gaps in the administrative record.

Exclusion of these exhibits is warranted. First, it is "well settled that '[c]ourts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation,'" and such evidence is "merited only in rare cases, where the party . . . has offered 'a most compelling reason' for the late production of such evidence, or a 'compelling justification for [its] failure to present such evidence to the magistrate judge.'" Fischer v. Forrest, --- F. Supp. 3d ---, 2018 WL 948758, at *7 (S.D.N.Y. 2018) (internal citations omitted) (alterations in original); accord Schlichting v. Astrue, 11 F. Supp. 3d 190, 197 (N.D.N.Y. 2012). This is not one of those rare cases—Mitchell has offered no reason or justification at all for failing to present these exhibits to the magistrate judge.

Second, to the extent that these exhibits may even be considered new evidence of disability, "evidence not contained in the administrative record may not be considered . . . when reviewing the findings of the Commissioner." Collins v. Comm'r of Soc. Sec., 960 F. Supp. 2d 487, 500 (S.D.N.Y. 2013). And similarly, because Mitchell does not attempt to show any good cause for his failure to present the exhibits earlier, there is no basis to order the Commissioner to consider the exhibits. See Lisa v. Sec'y of Health & Human Servs., 940 F.2d 40, 43 (2d Cir. 1991) (outlining the showing an appellant must make under 42 U.S.C. § 405(g)).

IV. Request for a Hearing

Mitchell also requests a hearing based on ALJ Grabeel's finding that his sworn statements regarding his alleged symptoms were "not entirely credible." (Record at 21.) At such a hearing, Mitchell claims he would reiterate his sworn statements and bolster his credibility.

But Magistrate Judge Pitman found this determination to be supported by substantial evidence—a finding to which Mitchell does not object and which this Court affirms as not clearly erroneous. In any event, "it is the function of the Commissioner, not the reviewing

5

court, to 'appraise the credibility of witnesses, including the claimant.'" Rusin v. Berryhill, --- F. App'x ---, 2018 WL 1052572, at *2 (2d Cir. 2018) (summary order) (citing Carroll v. Sec'y of Health & Human Servs., 705 F.2d 638, 642 (2d Cir. 1983)).  Accordingly, Mitchell's request is denied.

## CONCLUSION

Mitchell's objections are overruled, and this Court finds that the remainder of the Report is not clearly erroneous.  The Commissioner's cross-motion for judgment on the pleadings is granted, and Mitchell's motion for summary judgment is denied.  The Clerk of Court is directed to terminate all pending motions and mark this case as closed.

Dated: March 30, 2018
     New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.